**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LABORERS' PENSION FUND and** | ) | |
| **LABORERS' WELFARE FUND OF THE** | ) | |
| **HEALTH AND WELFARE DEPARTMENT** | ) | |
| **OF THE CONSTRUCTION AND GENERAL** | ) | |
| **LABORERS' DISTRICT COUNCIL OF** | ) | |
| **CHICAGO AND VICINITY, THE CHICAGO** | ) | |
| **LABORERS' DISTRICT COUNCIL RETIREE** | ) | |
| **HEALTH AND WELFARE FUND, and** | ) | |
| **JAMES S. JORGENSEN, Administrator of the** | ) | |
| **Funds,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 16 C 11204** |
| **v.** | ) | |
| | ) | |
| **JF DEMOLITION & EXCAVATING, INC., an** | ) | |
| **Illinois corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>COMPLAINT</u>**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and

Welfare Department of the Construction and General Laborers' District Council of Chicago and

Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund, and James S.

Jorgensen, Administrator of the Funds (hereinafter collectively "Funds"), by their attorneys,

Patrick T. Wallace, Jerrod Olszewski, Amy Carollo, Kate Mosenson, Kelly Carson, and G. Ryan

Liska, for their Complaint against Defendant JF Demolition & Excavating, Inc., an Illinois

corporation, state as follows:

## COUNT I

### (Failure To Pay Benefit Contributions Revealed as Delinquent Pursuant to an Audit)

1.  Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2.  Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.  The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.  Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.     Defendant JF Demolition & Excavating, Inc., (hereinafter "Company"), does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.     The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective September 14, 2015 ("Agreement"). (A copy of the Company's Assignment of Collective Bargaining Rights executed by the Company which adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

7.     The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Midwest Construction Industry Advancement Fund (the "MCIAF"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund ("CARCO"), the Underground Contractors Association ("UCA"), and the  Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those funds.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement, and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreements and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement, and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11. An audit of Company's books and records for the time period of September 14, 2015 through June 30, 2016 revealed that Company performed covered work during the audit period, but that notwithstanding the obligations imposed by the Agreement, and the Funds' respective Agreements and Declarations of Trust, Company has:

(a) failed to report and pay contributions in the amount of $44,550.19 owed to Plaintiff Laborers' Pension Fund for the audit period of September 14, 2015 through June 30, 2016, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

4

(b)     failed to report and pay contributions in the amount of $41,414.81 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of September 14, 2015 through June 30, 2016, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to report and pay contributions in the amount of $16,588.00 owed to Plaintiff Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of September 14, 2015 through June 30, 2016, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)     failed to report and pay contributions in the amount of $2,073.50 owed to Laborers' Training Fund for the period of September 14, 2015 through June 30, 2016, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e)     failed to report and pay contributions in the amount of $704.99 owed to Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") for the audit period of September 14, 2015 through June 30, 2016, thereby depriving the LDCLMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

5

(f)      failed to report and pay contributions in the amount of $290.29 owed to Laborers'

Employers' Cooperation and Education Trust ("LECET") for the audit of

September 14, 2015 through June 30, 2016, thereby depriving the LECET of

contributions, income and information needed to administer the Fund and

jeopardizing the benefits of the participants and beneficiaries.

A true and accurate copy of the audit and audit summary sheet are attached hereto as Exhibits B
and C respectively.

12.      Under the terms of the Agreement and the Funds' respective Agreements and
Declarations of Trust, Company owes liquidated damages plus interest on all unpaid
contributions revealed by the audit for the period of September 14, 2015 through June 30, 2016.

13.      Under the terms of the Agreement and the Funds' respective Agreements and
Declarations of Trust, Company is liable for the costs of any audit which reveals unpaid
contributions. Accordingly, Company owed the Funds $600.00 in audit costs for the audit for
the period of September 14, 2015 through June 30, 2016. See Exhibits B and C.

14.      Company's actions in failing to submit payment upon the audit to which it
submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

15.      Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of
the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust
Agreements, Company is liable to the Funds for unpaid contributions, as well as interest and
liquidated damages on the unpaid contributions, audit costs, and reasonable attorneys' fees and
costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against
Defendant JF Demolition & Excavating, Inc.:

a. entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of September 14, 2015 through June 30, 2016, including contributions, interest, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure to Pay Union Dues Revealed as Delinquent Pursuant to an Audit)

16. Plaintiffs reallege paragraphs 1 through 15 of Count I as though fully set forth herein.

17. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

18. Notwithstanding the obligations imposed by the Agreement, Company performed covered work during the audit period of September 14, 2015 through June 30, 2016, and Company failed to withhold and/or submit payment of $3,061.49 in union dues that were or should have been withheld from the wages of employees for the period of September 14, 2015 through June 30, 2016, thereby depriving the Union of information and income. *See* Exhibit B.

19. Pursuant to the Agreement, Company owes liquidated damages on all late or unpaid dues as revealed by the audit for the period of September 14, 2015 through June 30, 2016, plus audit costs, and reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant JF Demolition & Excavating, Inc.:

a. entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of September 14, 2015 through June 30, 2016, including dues, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT III

### (Failure to Submit Reports and Pay Employee Benefit Contributions)

20. Plaintiffs reallege paragraphs 1 through 15 of Count I as though fully set forth herein.

21. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to submit reports and/or pay all contributions to Plaintiff Laborers' Pension Fund for the period of July 2016 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)    failed to submit reports and/or pay all contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of July 2016 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)    failed to submit reports and/or pay all contributions to Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of July 2016 forward, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)    failed to submit reports and/or pay all contributions to Laborers' Training Fund for the period of July 2016 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(e)    failed to submit reports and/or pay all contributions owed to one or more of the other affiliated funds identified in paragraph 7 above for the period of July 2016 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

22.    The Company failed to obtain and maintain a surety bond.

23.    The Company's actions in failing to submit timely reports and contributions and obtaining and maintaining a surety bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

24.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the

Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, bond payments, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant JF Demolition & Excavating, Inc. as follows:

a.    ordering the Company to submit benefit reports and pay all contributions for the time period of July 2016 forward and to submit to an audit upon demand;

b.    ordering the Company to obtain and maintain a surety bond;

c.    entering judgment in sum certain against Defendant Company on the amounts due and owing as pleaded in the Complaint, and pursuant to the amounts revealed as owing pursuant to the July, 2014 forward reports, if any, and audit if any, including contributions, interest, liquidated damages, audit costs, and attorneys' fees and costs; and

d.    awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

**COUNT IV**

**(Failure to Submit Reports and Pay Union Dues)**

25.    Plaintiffs reallege paragraphs 1 through 15 of Count I and Paragraphs 16 and 17 of Count II as though fully set forth herein.

26.    Dues reports and contributions are due by the 10th day following the month in which the work was performed.  Dues reports and contributions which are not submitted in a timely fashion are assessed liquidated damages.

27.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust the Company failed to submit Union dues reports and dues that were or should have been withheld from the wages of its employees performing covered work for the period of June 2016 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

28.     Pursuant to the Agreement and Federal Common Law, the Company is liable to the Funds for the unpaid Union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant JF Demolition & Excavating, Inc. as follows:

a.     ordering the Company to submit dues reports and pay all dues for the time period of June 2016 forward;

b.     ordering the Company to submit its books and records to an audit upon demand to determine dues contributions compliance;

c.     entering judgment in sum certain against the Company on the amounts due and owing pursuant to the June 2016 forward dues reports, and on any amounts found due and owing pursuant to the audit, including dues, interest, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

     d.     awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

December 8, 2017                      Laborers' Pension Fund, et al.

                                       By: /s/ Amy Carollo
                                          Amy Carollo

Amy Carollo
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540



# CONSTRUCTION & GENERAL LABORERS'
## DISTRICT COUNCIL OF CHICAGO AND VICINITY
AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA

999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8053

---

### INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between __JF Demolition & Excavating, Inc.__ ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing as bargaining units its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic area of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

**1. Recognition.** In response to the Union's request for recognition as the majority or Section 9(a) representative of the unit employees, the Employer recognizes the Union as the sole and exclusive collective bargaining representative under Section 9(a) of the NLRA, as amended, for the employees now and hereinafter employed under the terms of this Agreement with respect to wages, hours and other terms and conditions of employment. This recognition is based on the Union's having shown, or having offered to show, evidence of its majority support. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association without written approval from the Union. Notwithstanding the execution of a process employed under this Agreement, the Employer shall abide by this Agreement, and all extensions hereof, and it waives any right it may have to terminate this agreement based upon the execution of certain employees.

**2. Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreement(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Wall Contractors Association, the Chicago Area Scaffolding Association, the Chicago Area Concrete Contractors' Association, the Concrete Contractors Association of Greater Chicago, the Contractors Association of Will and Grundy Counties, the Fox Valley Associated General Contractors, the Midwest Wall and Ceiling Contractors, the Illinois Environmental Contractors Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association, the Lake County Contractors Association, the Mason Contractors Association of Greater Chicago, the Residential Construction Employers Council, and all other employer associations with whom the Union or its affiliated Local Unions has an agreement, if the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any deviation on the right to strike shall also apply until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement supersedes all contrary terms in the applicable Collective Bargaining Agreement(s).

**3. Total economic increase.** The Employer shall pay its employees all total economic increases of $1.50 per hour effective June 1, 2013; $2.00 per hour effective June 1, 2014; $2.00 per hour effective June 1, 2015; and $2.10 per hour effective June 1, 2016, with amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2013, the minimum wage rate shall be $37.40 per hour.

**4. Checkoff Deductions and Remittances.** The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in such amounts as the Union shall from time to time establish, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employer's from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for each reporting period, not later than the tenth (10th) day of the month following the month for which such deductions were made. If the Employer fails to timely remit any amounts to the Union or its affiliated fringe benefit funds that are required under this Agreement, it shall be obligated to the Union for all costs of collection, including attorney fees.

The Employer shall further deduct an amount designated by the Union for each hour that an employee receives wages under the terms of this Agreement on the basis of individually signed voluntary authorized deduction forms and shall remit the amount so deducted to the Laborers' Political League ("LPL") or to a designated appointee, not later than the tenth (10th) day of the month following the month for which such deductions were made. LPL remittances shall include a report of the hours worked by each Laborer for whom deductions are made. Remittances shall be made by a separate check payable to the Laborers' Political League. The Employer shall be paid a processing fee each month from the total amount to be transmitted to the LPL to be calculated at the Union's Department of Revenue or other applicable standard.

**5. Work Jurisdiction.** This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference into this Agreement. The Employer shall assign all work described therein to the Union-represented Laborer employees, and acknowledges the appropriateness of such assignment. Neither the Employer nor the work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional dispute board or mechanism except upon written notice by and direction of the Union.

**6. Subcontracting.** The Employer, whether acting as a contractor, general manager or developer, that not contract or subcontract any covered work to be done at the site of construction, alteration, painting or repair of a building, structure or other work to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. The Employer shall further assume the obligations of all tiers of its subcontractors for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

**7. Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust, the LDC/LMCC, and to all other designated Union-affiliated fringe benefit trust funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if it had signed the original copies of the trust instruments and amendments thereto. The Employer further affirms that all prior contributions paid to the Welfare, Pension, Training and other funds by any authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledge(s) its report from to be a sufficient instrument in writing to bind the Employer to the applicable collective bargaining agreements.

**8. Contract Enforcement.** All grievances filed by either party concerning the applicability of this Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition or to any other grievance committee, provided that unresolved grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, neither shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph or that of the Union the right to take any other legal and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to this economic action is an addition to, and not in lieu of, its right to enter the grievance procedure. Where necessary to prevent contract violation, or where no acceptable standard is currently employed, this Union may proceed and place a remedial term outside the workforce of all job sites.

**9. Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of any sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

**10. Termination.** This Agreement shall remain in full force and effect from June 1, 2013 (unless dated differently below) through May 31, 2017, and shall continue from year to year thereafter unless either party notifies the other party, in writing, not less than ninety (90) days' prior to the expiration date, of a desire to modify or amend this Agreement through negotiations. In the absence of a timely and proper notice the Employer and the Union agree to be bound by the new applicable association agreement(s), incorporating area-wide this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given not less than ninety (90) nor more than ninety (90) days prior to the expiration of such successive Collective Bargaining Agreement.

**11. Execution.** The signatory below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and consequences hereof. The parties acknowledge and accept facsimile signatures on this Agreement as if they were the original signature.

---

Dated: __September 14__, 20__15__

ACCEPTED:

Laborers' Local Union No. __225__

__[signature]__

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By __[signature]__ James P. Connolly, Business Manager

By __[signature]__ Charles LoVerde, Secretary-Treasurer

For Office Use Only: __COCA__

Effective June 1, 2013    WHITE - LOCAL UNION  •  CANARY - TRUST FUND  •  PINK - DISTRICT COUNCIL  •  GOLD - EMPLOYER

---

__JF Demolition & Excavating, Inc.__
(Employer)

FEIN No. ____

By __Jennifer Foschi__      __President__
       (Print Name and Title)

__[signature: Jennifer Foschi]__
       (Signature)

__108 Ryan Lane__
       (Address)

__Shorewood, ILLINOIS, 60404__
       (City, State and Zip Code)

PH: __941-268-5305__        Fax: __770-234-6508__
       (Telephone No.)                (Telephone/Fax)

__jfoschi1@comcast.net__
       (Email Address)

---

RECEIVED OCT 0 1 2015 __[initials]__        __Rec'd Field Rpt 10/7/15__



EXHIBIT A

# LABORERS' PENSION & WELFARE FUNDS

AUDIT

EMPLOYER    JF DEMOLITION AND EXCAVATING, INC.      CODE   35547

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| | HOURS | WELFARE | RATE | RETIREE WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDC/LMCC | RATE | LECET | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-14-15 - 6-30-16 | | | | | | | | | | | | | | | |
| ADDITIONAL HOURS | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| MEN NOT REPORTED | | | | | | | | | | | | | | | |
| 9-14-15 - 5-31-16 | 4,036.00 | 40,279.28 | 9.98 | 16,144.00 | 4.00 | 43,265.92 | 10.72 | 2,018.00 | 0.50 | 2,986.49 | 686.12 | 0.17 | 282.52 | 0.07 | 105,662.33 |
| 6-1-16 - 6-30-16 | 111.00 | 1,135.53 | 10.23 | 444.00 | 4.00 | 1,284.27 | 11.57 | 55.50 | 0.50 | 75.00 | 18.87 | 0.17 | 7.77 | 0.07 | 3,020.94 |
| SUBTOTAL | 4,147.00 | 41,414.81 | | 16,588.00 | | 44,550.19 | | 2,073.50 | | 3,061.49 | 704.99 | | 290.29 | | 108,683.27 |
| 10% LIQUIDATED DAMAGES | | | | | | | | | | 306.15 | 70.50 | | 29.03 | | 405.68 |
| 20% LIQUIDATED DAMAGES | | 8,282.96 | | 3,317.60 | | 8,910.04 | | 414.70 | | | | | | | 20,925.30 |
| AUDIT COSTS | | 150.00 | | 150.00 | | 300.00 | | | | | | | | | 600.00 |
| ATTORNEY FEES | | | | | | | | | | | | | | | |
| ACCUM. LIQUIDATED DAMAGES | | | | | | | | | | 12.87 | | | | | 12.87 |
| ACCUM. INTEREST | | 3,778.68 | | 1,514.06 | | 4,061.43 | | 189.26 | | | 64.35 | | 26.50 | | 9,634.28 |
| TOTAL DUE | | 53,626.45 | | 21,569.66 | | 57,821.66 | | 2,677.46 | | 3,380.51 | 839.84 | | 345.82 | | 140,261.40 |



EXHIBIT
B

### RICHARD J. WOLF AND COMPANY, INC.

Post Office Box 691
Palos Park, Illinois 60464
(708) 923-0909
Fax (708) 923-0910

November 10, 2016

Board of Trustees
Pension and Welfare Funds of Construction and General
 Laborers' District Council of Chicago and Vicinity
11465 Cermak Road
Westchester, Illinois 60154

RE: JF Demolition and Excavating Inc. (35547)

We have applied certain procedures, as discussed below, to the payroll records of JF
Demolition and Excavating Inc., a contributing employer to the Pension and Welfare
Funds of Construction and General Laborers' District Council of Chicago and Vicinity,
for the period September 14, 2015 to June 30, 2016. The purpose of our inspection was
to determine the accuracy of the employer's monthly contributions to the Trust Funds for
the given period. The accuracy of the payroll records and reporting to the Funds is the
responsibility of the [Employer].

The exceptions to employer contributions noted are detailed on the accompanying
schedule. This was not a review of amounts owed for withdrawal liability under the
Multi-employer Pension Plan Amendments Act.

| FUND | | AMOUNT |
|---|---|---|
| WELFARE | $ | 41,414.81 |
| RET WEL | | 16,588.00 |
| PENSION | | 44,550.19 |
| TRAINING | | 2,073.50 |
| LECET | | 290.29 |
| LDCMC | | 704.99 |
| DUES | | 3,061.49 |
| Sub Total | $ | 108,683.27 |
| Pension pension board to Laborers' District Council Fund | $ | 12.87 |
| TOTAL | $ | 108,696.14 |

The employer could not provide proof of a current wage and fringe benefit bond.



The Scope of this engagement was limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Funds. Any compensation paid to employees not disclosed to us or made part of the written records was not determinable by us and was not included in our review. Further, our procedures did not extend to any financial statements of the contributing employer and were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The findings of this audit report should not be construed as an endorsement or ratification of any of the Employer's contribution practices. The findings are based solely on those documents that the Employer provided to the auditors. This firm has not been retained to provide, and does not provide, any interpretation of advice concerning any terms of the collective bargaining agreement between the Employer and the Union of the terms of the Funds' respective Agreement and Declarations of Trust. All questions concerning the Employer's contribution practices, or any contributions or benefits-related issue, should be directed to the Union or the Fund office. No failure to note an exception to any of the employer's contribution practices should be construed as a ratification of such practice or waiver of the Union or the Funds' ability to challenge such practice in the future.

These findings are not based on observation of employees doing actual work.

RICHARD J. WOLF AND COMPANY, INC.

LABORERS DISTRICT COUNCIL OF CHICAGO — "CDCA ASSOCIATION"

JF DEMOLITION & EXCAVATING, INC. #35547

UNREPORTED HOURS and/or WORK DUES 6/15 - 5/16

YEAR: 6/15 to 5/16

| S.S.# | Flags | Type | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ANGEL, RICH XXXXXXXXX | CH18 | Hours | - | - | - | - | 80.00 | 62.00 | - | - | - | - | - | - | 142.00 |
| | | Gross $ | - | - | - | - | 1,440.00 | 1,125.00 | - | - | - | - | - | - | $ - |
| BARGA, JERRY XXXXXXXXX | CH18 | Hours | - | - | - | - | - | - | - | - | 225.00 | 55.00 | - | - | 280.00 |
| | | Gross $ | - | - | - | - | - | - | - | - | 4,049.50 | 988.00 | - | - | $ 5,037.50 |
| CONTRERAS, LUIS 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 | 26.00 | Hours | - | - | - | - | 120.00 | 392.00 | 80.00 | - | - | - | - | - | 552.00 |
| | | Gross $ | - | - | - | - | 3,120.00 | 10,200.00 | 2,080.00 | - | - | - | - | - | $ 15,400.00 |
| JASUTIS, ERIC XXXXXXXXX | CH18 | Hours | - | - | - | - | - | - | - | - | 89.00 | 49.00 | - | - | 138.00 |
| | | Gross $ | - | - | - | - | - | - | - | - | 1,598.00 | 885.00 | - | - | $ 2,483.00 |
| JKS VENTURES XXXXXXXXX | CH18 | Hours | - | - | - | - | - | - | - | 556.00 | 1,167.00 | - | - | - | 1,722.00 |
| | | Gross $ | - | - | - | - | - | - | - | 10,000.00 | 21,016.00 | - | - | - | $ 31,016.00 |
| JOACHIN, LAZARO 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 | 34.00 | Hours | - | - | - | - | - | - | - | 8.00 | - | - | - | - | 8.00 |
| | | Gross $ | - | - | - | - | - | - | - | 272.00 | - | - | - | - | $ 272.00 |
| JUAREZ, BENITO 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 | 34.00 | Hours | - | - | - | - | - | - | - | 72.00 | 24.00 | - | - | - | 96.00 |
| | | Gross $ | - | - | - | - | - | - | - | 2,448.00 | 816.00 | - | - | - | $ 3,264.00 |
| KAWINSKI, MAKE XXXXXXXXX | CH18 | Hours | - | - | - | - | - | - | - | - | - | 28.00 | - | - | 28.00 |
| | | Gross $ | - | - | - | - | - | - | - | - | - | 500.00 | - | - | $ 500.00 |

Case: 1:16-cv-11204 Document #: 1 Filed: 12/08/16 Page 17 of 21 PageID #:17

11/10/2016

LABORERS DISTRICT COUNCIL OF CHICAGO -- "CDCA ASSOCIATION"

JF DEMOLITION & EXCAVATING, INC. #35547

YEAR: 6/15 to 5/16

UNREPORTED HOURS and/or WORK DUES 6/15 - 5/16

| S.S.# | Phase | Type | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LAMBUTH, WILLIAM XXXXXXXXXX | CH18 | Hours | - | - | - | - | - | 28.00 | - | - | - | - | - | - | 28.00 |
| | | Gross $ | - | - | - | - | - | 500.00 | - | - | - | - | - | - | $ 500.00 |
| MACIAS, JESUS 283-53-XXXX | CH18 | Hours | - | - | - | - | 80.00 | - | - | - | - | - | - | - | 80.00 |
| | | Gross $ | - | - | - | - | 1,600.00 | - | - | - | - | - | - | - | $ 1,600.00 |
| MEDERMA, TOM XXXXXXXXXX | CH18 | Hours | - | - | - | - | - | - | - | - | - | 72.00 | - | - | 72.00 |
| | | Gross $ | - | - | - | - | - | - | - | - | - | 1,300.00 | - | - | $ 1,300.00 |
| SAINSON, RICH XXXXXXXXXX | CH18 | Hours | - | - | - | - | - | 167.00 | - | - | - | - | - | - | 167.00 |
| | | Gross $ | - | - | - | - | - | 3,000.00 | - | - | - | - | - | - | $ 3,000.00 |
| SANTOYO, VINCENTE 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 | CH18 | Hours | - | - | - | - | - | - | - | 96.00 | 32.00 | - | - | - | 128.00 |
| | | Gross $ | - | - | - | - | - | - | - | 3,264.00 | 1,088.00 | - | - | - | $ 4,352.00 |
| VUCKOVICH, MILENKO 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 | CH18 | Hours | - | - | - | - | 50.00 | 273.00 | 90.00 | 80.00 | 40.00 | 10.00 | - | - | 543.00 |
| | | Gross $ | - | - | - | - | 750.00 | 4,100.00 | 1,350.00 | 1,200.00 | 500.00 | 150.00 | - | - | $ 8,150.00 |
| WORTMAN, WALTER XXXXXXXXXX | CH18 | Hours | - | - | - | - | - | - | - | - | - | 11.00 | - | - | 11.00 |
| | | Gross $ | - | - | - | - | - | - | - | - | - | 200.00 | - | - | $ 200.00 |
| TOTAL HOURS | | | - | - | - | - | 330.00 | 922.00 | 170.00 | 812.00 | 1,577.00 | 225.00 | - | - | 4,036.00 |
| TOTAL GROSS $ | | | $ - | $ - | $ - | $ - | $ 6,910.00 | $18,925.00 | $3,450.00 | $17,184.00 | $22,167.50 | $4,023.00 | $ - | $ - | $ 76,839.50 |

| Amount Due To Funds: | Rates CY15 | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | 9.95 | $ - | $ - | $ - | $ - | $ 3,283.40 | $ 9,201.55 | $ 1,696.60 | $ 8,103.76 | $15,732.45 | $ 2,245.50 | $ - | $ - | $ 40,279.26 |
| RET WEL | | $ - | $ - | $ - | $ - | $ 1,320.00 | $ 3,888.00 | $ 680.00 | $ 3,248.00 | $ 6,308.00 | $ 900.00 | $ - | $ - | $ 16,144.00 |
| PENSION | 10.72 | $ - | $ - | $ - | $ - | $ 1,537.80 | $ 3,893.04 | $ 1,822.40 | $ 8,704.64 | $16,906.44 | $ 2,412.00 | $ - | $ - | $ 43,085.82 |
| TRAINING | 0.50 | $ - | $ - | $ - | $ - | $ 165.00 | $ 461.00 | $ 85.00 | $ 406.00 | $ 788.50 | $ 112.50 | $ - | $ - | $ 2,018.00 |
| LECET | | $ - | $ - | $ - | $ - | $ 23.10 | $ 64.54 | $ 11.90 | $ 56.84 | $ 110.39 | $ 15.75 | $ - | $ - | $ 282.52 |
| LDCMC | | $ - | $ - | $ - | $ - | $ 56.10 | $ 156.74 | $ 28.90 | $ 138.04 | $ 268.09 | $ 38.25 | $ - | $ - | $ 685.12 |
| DUES | | $ - | $ - | $ - | $ - | $ 269.13 | $ 709.59 | $ 129.63 | $ 644.40 | $ 1,093.78 | $ 150.86 | $ - | $ - | $ 2,996.49 |
| TOTAL | | $ - | $ - | $ - | $ - | $ 8,554.33 | $24,165.37 | $ 4,453.43 | $21,201.68 | $41,212.66 | $ 5,874.36 | $ - | $ - | $105,662.33 |

| | | 5/31/16 |
|---|---|---|
| WELFARE | | 0.07 |
| LECET | | |
| PENSION | LDCMC | 0.17 |
| TRAINING | DUES | 3.75% |
| | RET.WE | 4.00 |

LABORERS DISTRICT COUNCIL OF CHICAGO -- "CDCA ASSOCIATION"

JF DEMOLITION & EXCAVATING, INC. #35547

UNREPORTED HOURS and/or WORK DUES  5/16 - 5/17

YEAR: 5/16 to 5/17

| S.S.# | Flags | Type | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MARTINEZ, DAN | CH18 | Hours | 111.00 | - | - | - | - | - | - | - | - | - | - | - | 111.00 |
| XXXXXXXXX | | Gross $ | 2,000.00 | - | - | - | - | - | - | - | - | - | - | - | $ 2,000.00 |

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL HOURS | 111.00 | - | - | - | - | - | - | - | - | - | - | - | 111.00 |
| TOTAL GROSS $ | $ 2,000.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,000.00 |

| Amount Due To Funds: | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ 1,135.53 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,135.53 |
| RET WEL | $ 444.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 444.00 |
| PENSION | $ 1,284.27 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,284.27 |
| TRAINING | $ 55.50 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 55.50 |
| LECET | $ 7.77 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 7.77 |
| LDCMC | $ 18.87 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 18.87 |
| DUES | $ 75.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 75.00 |
| TOTAL | $ 3,020.94 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 3,020.94 |

| Rates: | | | |
|---|---|---|---|
| | $10.23 | LECET | 0.07 |
| WELFARE | 14.23 | LDCMC | 0.17 |
| PENSION | 11.57 | DUES | 3.75% |
| TRAINING | 0.50 | RET.WEL | 4.00 |

11/10/2016
MPO

## LABORERS DISTRICT COUNCIL OF CHICAGO – *CDCA ASSOCIATION

JF DEMOLITION & EXCAVATING, INC. # 35547

RICHARD J. WOLF AND COMPANY, INC.

### SUMMARY REPORT TOTAL

| | ADDITIONAL | UNREPORTED | TOTAL |
|---|---|---|---|
| WELFARE | $ | $ 41,414.81 | $ 41,414.81 |
| RET WEL | $ | $ 16,588.00 | $ 16,588.00 |
| PENSION | $ | $ 44,550.19 | $ 44,550.19 |
| TRAINING | $ | $ 2,073.50 | $ 2,073.50 |
| LECET | $ | $ 290.29 | $ 290.29 |
| LDCMC | $ | $ 704.99 | $ 704.99 |
| DUES | $ | $ 3,061.49 | $ 3,061.49 |
| TOTAL | $ | $ 108,683.27 | $ 108,683.27 |

11/10/2016
MPO

LABORERS DISTRICT COUNCIL OF CHICAGO – *CDCA ASSOCIATION

JF DEMOLITION & EXCAVATING, INC. # 35547

RICHARD J. WOLF AND COMPANY, INC.

** GRAND TOTAL **

| | | |
|---|---|---|
| WELFARE | $ | 41,414.81 |
| RET WEL | $ | 16,588.00 |
| PENSION | $ | 44,550.19 |
| TRAINING | $ | 2,073.50 |
| LECET | $ | 290.29 |
| LDCMC | $ | 704.99 |
| DUES | $ | 3,061.49 |
| TOTAL | $ | 108,683.27 |